DILIA BARLETTA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, WILFRIDO ROBERTS, JUDGE, Respondent.

No. O-70-55.    Decided November 2, 1970.

*Héctor M. Laffitte* for petitioner.

PER CURIAM: Petitioner Dilia Barletta obtained judgment by default against defendants José M. Marín, Hiram Barletta, Marín Realty Co., Inc., and Universal Investment Co., Inc., by virtue of which the court concluded that the defendants breached a contract of sale of a condominium entered into by them with petitioner, and by virtue thereof granted for damages the difference between the price of $35,000 agreed upon and the market value of the property which was determined to be the sum of $52,688, said difference being the sum of $17,188 plus costs, and $1,500 for attorney's fees.

The notice to the parties of the filing in the record of said judgment, rendered on March 24, 1969, was performed on April 7, 1969.

While the execution of said judgment was being undertaken, defendants Marín and Barletta, by themselves and in representation of the two defendant corporations requested the court, on September 22, 1969, to set aside said judgment alleging in support thereof that their attorney had failed to file the answer to the complaint in this case without the knowledge or consent of the defendants who had instructed him not only not to consent to or admit the complaint but, on the contrary, to oppose and deny it, because they deem that they have good and legitimate defenses; that said attorney did not inform defendants about the judgment in question; that when the execution of said judgment was undertaken they requested their attorney to take the steps to set it aside and the latter assured them that everything would be decided within a third-party proceeding brought by the buyer of the property; that notwithstanding defendants believe that they should request to be relieved from said judgment. With this motion defendants attached an answer to the complaint denying the facts alleged therein alleging that the contract of sale was signed by defendant José M. Marín in the name and in representation of Ada Ligia Corporation, owner of the building where the condominium in question is situated.

Notwithstanding the opposition filed by petitioner, after a hearing was held of the motion to set aside the judgment, on December 5, 1969, the trial court granted it, set aside the judgment in question, admitted the aforesaid answer, and on March 16, 1970, set the case for hearing.

For the grounds set forth hereinafter we conclude that the trial court erred in setting aside the judgment which it rendered in this case and that the order to that effect should be annulled.

The complaint in this case was filed on August 21, 1968. Six days afterwards, defendants, through their attorney, requested an extension of 30 days to answer. On October 24, 1968, defendants served interrogatories upon plaintiff which the latter answered on November 13, 1968. On November 14, 1968, plaintiff requested that defendants' default be entered. Copy of this petition was served upon defendants' attorney. He did not do anything. After the default was entered the hearing of the case was set, setting which was notified to defendants' attorney. At the latter's request the hearing of the case was postponed for January 17, 1969. In view of the fact that defendants did not appear, the trial court continued the hearing setting it for February 21, 1969. Plaintiff appeared at this hearing and introduced her evidence in support of her claim. The aforesaid judgment was rendered on March 24, 1969.

At the hearing of the motion to set aside the judgment in this case defendants did not allege any circumstance which would justify to conclude that defendants should be relieved from the results of the acts and omissions of their attorney. In said hearing he did not offer any excuse or explanation for his omission to file the answer to the complaint or for requesting the timely reopening of the default. He limited himself to testify that "the discretion of this court should be moved not to set aside the judgment, but to reopen the case so that Your Honor may hear the evidence for the purpose of determining the amount of the damages since the damages proven are exorbitant and not justified." He testified afterwards that the owner of the condominium was another corporation not included among the defendants. In the contract of sale in question which appears in the record of the case, it appears that one of the parties was José M. Marín and the other was the petitioner. However, it appears signed by Hiram Barletta as seller of the property. The fact that Ada Ligia Corporation was the owner of the property sold

does not appear in said contract whose breach gave rise to the action in this case.

Defendant José M. Marín testified in synthesis that he entrusted the case to his attorney; that the latter did not follow his instructions in relation to the same; that he did not have knowledge about what had occurred in the same from his attorney but from other sources when the judgment was being executed. No explanation about why the complaint was not timely answered appears in the record. Such fact was alleged for the first time in the answer which was attached to the motion to set aside the judgment when the same was already being executed, all of which was notified to defendants' attorney. The hearing having been held on this last date without defendants' appearance, the trial court rendered the judgment previously summarized.

■ Defendants' motion to set aside the aforesaid judgment is grounded on the fact that their attorney failed to file the answer to the complaint without defendants' knowledge; that said attorney did not inform them of said judgment; and that they had relied in good faith that their attorney would follow their instructions and never had grounds to believe that he would act in an opposite sense to the same. Such request does not comply with the requirements established by Rule 49.2 of the Rules of Civil Procedure.[1]

---

[1] Rule 49.2 of the Rules of Civil Procedure provides that:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect;

"(2) Newly discovered essential evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 48;

"(3) Fraud . . . misrepresentation, or other misconduct of an adverse party;

"(4) The judgment is void;

"(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospec-

In the hearing of the motion in question defendants' attorney appeared but he did not offer any explanation or excuse about his lack of action in the case in benefit of the defendants whom he was representing. According to the minutes of said hearing, defendant José M. Marín was the only one who testified at said hearing.

■ In *Díaz* v. *Superior Court*, 93 P.R.R. 78, 86 (1966), we said that:

"3. As a general rule and in the absence of circumstances justifying otherwise, every litigant who voluntarily chooses an attorney to represent him in a litigation cannot avoid the consequences of the acts and omissions of such agent, and should be considered to have notice of all the facts and acts, notice of which can be charged upon the attorney. *Link* v. *Wabash Railroad Co., supra; Deep South Oil Company of Texas* v. *Metropolitan Life Ins. Co.*, 310 F.2d 933 (2d Cir. 1962)."

■ In view of the foregoing, we conclude that there was no justification whatsoever to set aside the judgment rendered in this case and, therefore, the order of the trial court to that effect entered on December 5, 1969, will be set aside and said judgment reinstated in full force and effect.

The Chief Justice, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra did not participate herein.

tive application; or

"(6) Any other reason justifying relief from the operation of the judgment."